Dear Mayor Mayeaux:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of invoices submitted by the Chief of Police. You indicate you refused to approve the purchase by the police department of items such as cold/sinus medicine but it was subsequently approved by the Board of Aldermen. You submit the following questions:
 1. Is it legal for the Police Department to purchase items such as cold/sinus medicine that is not in the budget?
 2. If the purchase approved by the Board of Aldermen is deemed illegal is the Chief of Police liable as well?
 3. What is your position since you refused to approve the invoice while the Board of Aldermen approved it?
With regard to your first question we cannot determine whether the purchase of items such as cold/sinus medicine is legal or otherwise inasmuch as an answer would depend upon whether this falls within a valid appropriation from the budget allotted for the police department. It is well established that the chief of police has the inherent authority to supervise and control his office, equipment and personnel on a day-to-day operational basis. However, this inherent authority is limited in its application by the requirement that the expenditures of the police department funds be made only pursuant to and in accordance with specific appropriations from a budget approved by the governing authority and subject to a municipality's regulations for the use of purchase orders as provided in R.S.33:462. The latter statute is as follows:
 All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
Consequently, if there is a valid municipal appropriation for a budget item for the police department, there is no authority for the mayor or aldermen to interfere with the expenditure. Moreover, while the specific item of "cold medicine" may not be shown as an appropriation from the budget ordinance, it may possibly fall within a broad category in the budget such as supplies. Of course, line item adjustments cannot be made to the exclusion of the mayor and board of aldermen, but the expense may be within the budget.
We find support for this conclusion in Wilkinson v. Poag,181 So. 27 (La.App 2 Cir 1938) wherein the court noted that the Monroe City budget ordinance set forth expenditures for "donations" and a "general and contingent" sum without being itemized in any respect. The court found while the city could not exceed the amount for incidentals that may arise, it was clearly intended to be used for the purpose for which it had been expended since it fell within the purpose provided by "contingent".
Without knowledge of the extent of budget items, we can only set forth legal guidelines, and cannot state that the purchase in question is legal or not.
Insofar as your question of what your position is since you refused to approve the expense, we can only state if there is a valid municipal appropriation for a budget item for the Police Department, you have no authority to interfere with the expenditure. However, if you are not convinced of the validity of the expenditure, it would appear the only recourse would be to seek court action. Of course, the Board of Aldermen and Mayor can always amend the budget by adoption of an ordinance to that end, and that could settle the matter relative to the items in question.
We regret we cannot be more specific but hope these guidelines will be of assistance.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE
Assistant Attorney General
RPI/bbr